IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:04-CV-01133-DRB |
| vs. ) | [WO] |
| ) | |
| JO ANNE B. BARNHART ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of his application for supplemental security income under Title XVI, 42 U.S.C. §§ 1381 *et seq.*, James Austin ("Austin") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. Because the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636 (c), and for reasons herein explained, the court concludes that the Commissioner's decision should be reversed and remanded for further administrative proceedings.

**I.  STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Austin, age 40 at the time of the hearing, has a tenth grade education. Austin has not engaged in substantial gainful work activity since the alleged onset date of disability. Chronic back, neck, and stomach pains caused him to stop working at a lumber company in 1997 or 1998 . The ALJ determined that Austin has *degenerative disc disease of the lumbar and cervical spine* and *peptic ulcer disease.* Although he described these conditions as "severe" impairments, after considering them individually and in combination, he concluded that they did not meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Appendix 1 to Subpart P.

The ALJ deemed "not totally credible" Austin's allegations of pain and functional limitations. Although he found Austin unable to perform any of his past work, the ALJ also determined that he "has the maximum residual functional capacity (*RFC*) to perform light work, with restriction to the performance of simple, repetitive tasks, and subject to an allowance to sit, stand or change positions." Testimony from a vocational expert established such light work in "a wide range of sedentary, unskilled jobs" existing in significant numbers in the national economy. Accordingly, the ALJ concluded that Austin is not disabled.[1]

### III.  ISSUES

Austin claims error by the ALJ in (1) determining [his] physical residual functional capacity ("RFC");  (2) applying the pain standard;  and (3) posing an incomplete hypothetical question to the vocational expert.

Because the court finds reversible error in the ALJ's evaluation of Austin's RFC, on remand the ALJ necessarily must apply the pain standard in his reconsideration of relevant medical opinions of Austin's pain and functional limitations.  Thus, neither the second nor the third issue requires analysis, and the discussion examines only whether substantial evidence and correctly applied law support the ALJ's assessment of Austin's RFC.

### IV.  DISCUSSION

To the extent of the ALJ's reliance on medical evidence for his finding that Austin retains the RFC to perform other work, Austin disputes any articulated "good cause" for discrediting the

---

[1] R. 17-18, 20-21, 32.  The ALJ's disability analysis followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920 and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).  The Appeals Council's denial of requested review for the ALJ's decision indicates December 23, 2003 as the correct date for the ALJ's opinion. (R. 7).

contrary assessment of his treating physician, Dr. D. Judit.  Guided by the well-settled law acknowledged by the parties,[2] the court proceeds to analyze the relevant evidence.

In summarizing medical evidence relevant to Austin's RFC, the ALJ mentioned, as follows, only the "sitting, walking and standing" limitations identified in Dr. Judit's *Physical Capacities Evaluation:*

> The undersigned has considered the functional assessment by the claimant's treating physician, Dr. Judit, wherein it was opined that the claimant could sit, stand and/or walk for only 2 to 4 hours in an 8 hour workday.  Such opinion was based on impairments that were identified as "low back pain, neck pain."  However, the clinical description of the impairments consisted of MRI findings of "early degenerative changes" of the cervical spine and lumbar spine, "mild" disc bulges at L3-4, L4-5, and L5-S1, and "mild" facet arthropathy at L4-5 and L5-S1 (Exhibit 7F).  It thus appears that the functional assessment is based primarily on the claimant's own subjective report of his physical abilities as opposed to the objective clinical findings, which are not consistent with and do not support the marked degree of functional limitations indicated.  ( R. 19)

It is simply not clear if the ALJ's concluding reference to "the functional assessment" reflects his rejection of *only* the identified limitations or of Dr. Judit's *entire* functional assessment based on his *examination* of Austin.  The ambiguity is created by the ALJ's omission altogether of any reference at all to Dr. Judit's  other, clearly expressed opinions – and the clinical or other objective support identified – which substantiate  his overall assessment that Austin's impairments "could reasonably

---

[2]Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *Phillips v. Barnhart,* 357 F. 3d 1232, 1241(11th Cir. 2004); *Lewis v.* Callahan, 125 F.3d 1436, 1439-1441 (11th Cir. 1997).  Good cause exists if the opinion is not bolstered by the evidence, the  evidence supports a contrary finding; or the opinion is conclusory or inconsistent with the physician's own medical records. *Phillips*, 357 F. 3d at 1241-42.  The ALJ must give "explicit and adequate reasons for rejecting the opinion of a treating physician." *Elam v. Railroad Retirement Board*, 921 F. 2d 1210, 1215 (11th Cir. 1991).

be expected to produce pain, other symptoms or limitations at a level which would preclude full-time, competitive work activity on a sustained basis." [3]

Apparently excluded from the ALJ's assessment of Austin's RFC are pertinent opinions by Dr. Judit concerning Austin's (a) ability, during an eight-hour workday, to lift/carry only ten pounds occasionally and up to five pounds frequently; and (b) need for more than two hours in the daily work day of freedom to rest, recline, or lie down at his own discretion. Similarly omitted is any indication of the ALJ's consideration of, or reasons for discrediting, the doctor's clinical assessment and functional evaluation of the pain suffered by Austin. Declaring Austin not to be a malingerer, Dr. Judit assessed his "experience of pain [as] severe enough to interfere with attention and concentration to perform work tasks 'frequently'." Prescribed pain medication would cause drowsiness and otherwise interfere with his ability to work.[4] Contrary to the ALJ's finding that "Austin's allegations regarding his limitations are not totally credible", Dr. Judit found them consistent with clinical and objective findings.[5]

The ALJ must articulate his reasons for ignoring the treating physician's contrary opinion. In sum, the ALJ's determination of Austin's RFC did not incorporate, attempt to discredit or otherwise reconcile, all of Dr. Judit's expressed opinions. Remand is thus dictated arising from the ALJ's failure (a) to evaluate *all* the exertional and non-exertional limitations specified by Austin's

---

[3] R. 225. The PCE form completed by this treating physician instructed: "Please give an assessment – BASED ON YOUR EXAMINATION (S) – of how the individual's physical capacities are affected by their impairment(s)." ( *emphasis included* )

[4] R. 226. The form indicated five assessment options in this order:
        *Never   Seldom   Occasionally   Frequently   Constantly*

[5] R. 226.

treating physician as affecting his functional ability to work on a regular and continuing basis; and (b) to address and articulate any good cause for ignoring or rejecting the treating physician's opinion of Austin's disabling pain.[6]

### V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is not supported by substantial evidence.  It is, therefore, **ORDERED** that the decision of the Commissioner is **REVERSED** and this cause is **REMANDED** to the Commissioner, pursuant to *sentence four* of 42 U.S.C. §405(g) for further proceedings.

A separate judgment is entered herewith.

Done this 27th day of January, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

---

[6]*See* SSR 96-8p ( "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion...The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved....The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."); *SSR 96-5p* ("A medical source's statement about what an individual can still do is medical opinion evidence that an adjudicator must consider together with all of the other  relevant evidence...when assessing an individual's RFC....Adjudicators must weigh medical source statements under the rules set out in 20 CFR 404.1527 and 416.927, providing appropriate explanations for accepting or rejecting such opinions."); *see also Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-6 (11th Cir. 1991)( reversal mandated by Commissioner's failure to provide sufficient reasoning to assess propriety of the  legal analysis); *Cook v. Barnhart*, 347 F. Supp. 2d 1125, 1132 (M.D. Ala. 2004)("The ALJ is required to explain his findings explicitly not just for the claimant's benefit. Clear and specific findings are also the *sin qua non* of effective review of this court.").